UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HATSUYO HARBORD, | CASE NO. C21-5510 BHS |
| Plaintiff, | ORDER |
| v. | |
| MTC FINANCIAL INC., et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se Plaintiff Hatsuyo Harbord's Motions (1) for an Extension of Time to file an Amended Complaint, Dkt. 9; (2) to Seal a letter from her doctor, Dkt. 10, which purports to support her claim that her health requires additional time to file an amended complaint; and (3) for an Extension of Time to Serve Summons and Complaint, Dkt. 16.

A plaintiff has 21 days from service of a summons and complaint on the defendants to file an amended complaint as a matter of right. Fed. R. Civ. P. 15(a)(1)(A). She does not need the Court's permission to file an amended complaint at this time, and her motion for an extension of time to do so, Dkt. 9, is **DENIED as moot**. Harbord's

ORDER - 1

1  Motion to Seal her doctor's letter in support of her motion, Dkt. 10, is **GRANTED**,
2  though the letter itself was unnecessary.

3  While these motions were pending, Harbord filed a "proposed amended
4  complaint," Dkt. 17. As explained above, Harbord may amend her complaint once as a
5  matter of right. The Court notes that this case bears a strong resemblance to a prior case,
6  *Harbord v. MTC Financial Inc., et al.*, No. 20-cv-5080-RJB, which was dismissed with
7  prejudice, and Harbord's subsequent appeal was dismissed. *See* Dkts. 116, 131, and 149
8  in that case. If and to the extent Harbord seeks to re-litigate that case here, it is subject to
9  dismissal as precluded by the prior adverse judgment on claims which were or could have
10 been asserted in the prior case. "[A] final judgment on the merits of an action precludes
11 the parties or their privies from re-litigating issues that were or could have been raised in
12 that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* bars
13 a party from re-filing a case where three elements are met: (1) identity of claims; (2) final
14 judgment on the merits; and (3) identity or privity between parties. *Frank v. United*
15 *Airlines, Inc.*, 216 F.3d 845, 850, 850 n.4 (9th Cir. 2000); *Thompson v. King Cnty.*, 163
16 Wn. App. 184, 190–96 (2011).

17 Furthermore, each of Harbord's pleadings and motions suggest that she is filing
18 "on behalf of" David Harbord, who is also a claimed plaintiff. Although a non-attorney
19 may appear *in propria persona* in his own behalf, that privilege is personal to him.
20 *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to
21 appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79
22 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953). The real party in

1  interest must be the person who "by substantive law has the right sought to be enforced."

2  *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also*

3  *McShane*, 366 F.2d at 288 (the privilege to represent oneself pro se provided by Section

4  1654 is personal to the litigant and does not extend to other parties or entities).

5       A non-lawyer representative cannot litigate claims that are not personal to her.

6  Thus, Hatsuyo Harbord cannot represent David Harbord's interests in this case, and

7  unless and until he obtains an attorney admitted to practice in this District, or seeks to

8  represent himself, he is not a proper plaintiff in the action.

9       This matter was filed July 16, 2020. Under Rule 4(m), a plaintiff must serve a

10 complaint within 90 days. That period has not yet expired. Harbord should spend her

11 energy and time on obtaining service rather than unnecessary motions. Harbord's Motion

12 for an Extension of Time to serve the complaint, Dkt. 16, is **DENIED without**

13 **prejudice**.

14      **IT IS SO ORDERED.**

15      Dated this 13th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge