UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HATSUYO HARBORD,

           Plaintiff,

  v.

MTC FINANCIAL INC, et al.,

           Defendants.

CASE NO. C21-5510BHS

ORDER

THIS MATTER is before the Court on seven motions filed by pro se Plaintiff[1] Hatsuyo Harbord, and dispositive motions filed by four of the six groups of Defendants:

- Harbord's (third) Motion for extension of time to serve defendants, Dkt. 18;
- Defendant JPMorgan Chase Banks' Motion to Dismiss, Dkt. 20;
- The Bayview Defendants' Motion to Dismiss, Dkt. 22;
- Defendant Farmers Insurance Company's Motion to Dismiss, Dkt. 23;

---

[1] Hatsuyo Harbord's filings continue to reference that they are "on behalf" of her husband, David Harbord, who is apparently deceased. Dkt. 1 at 14. As the Court previously explained, Dkt. 19, in order to represent another person or entity in court, one must be an attorney admitted to practice in that court. Hatsuyo cannot represent David (or his Estate) in this matter.

ORDER - 1

1  • Defendant Wells Fargo's Motion to Dismiss, Dkt. 30;

2  • Harbord's Motion to add Defendants, Dkt. 35;

3  • Harbord's Motion for an Injunction, Dkt. 36;

4  • Harbord's Motion for Default Judgment as to MTC Financial, Dkt. 38;

5  • Harbord's Motion to Re-note the Motion for Default, Dkt. 46;

6  • Harbord's Motion for an extension of time to respond to the defendants' pending

7  motions to dismiss, Dkt. 47;

8  • Harbord's Motion to Re-Note/Remove Oral Argument From Hearing until

9  December 10, 2021, Dkt. 57; and

10  • Harbord's Motion for Extension of Time, Dkt. 59.

11  The case appears to arise from a proposed non-judicial foreclosure sale of

12 Harbord's Clallam County home for non-payment of her mortgage. In January 2020,

13 Harbord commenced a prior action against the same defendants in this case (Bayview

14 Financial, JPMorgan Chase, Farmers Insurance, MTC Financial, Vanguard Group, and

15 Wells Fargo), seeking to stop the foreclosure and seeking damages from various entities

16 associated with her loan, its default, and the pending foreclosure. *See Harbord v. MTC*

17 *Financial Inc.*, Cause No. 20-cv-5080 RJB, Dkt. 1. The foreclosure was stopped when

18 Harbord paid the outstanding balance.

19  Judge Bryan granted the defendants' motions to dismiss the earlier case and

20 dismissed all of Harbord's federal claims with prejudice. He dismissed Harbord's

21 unrelated state law claims against Farmers Insurance Co. and Foremost Insurance Co.

22 without prejudice, concluding that the Court did not have jurisdiction over them. *Id.*, Dkt.

ORDER - 2

116. Harbord appealed, but never filed her opening brief. The Ninth Circuit dismissed Harbord's appeal for failure to prosecute in June 2021. *See id.*, Dkt. 149.

A month later, Harbord filed this case against the same defendants. *See* Dkt. 1. Her complaint is difficult to read, but it is clear that she is suing over the same operative set of facts, almost all of which occurred prior to her first lawsuit. Harbord complains that Defendants committed "tax fraud" dating to 2014, Dkt. 1 at 2, and repeats her claim that her property is "farmland" not subject to foreclosure, *id.* at 2, 4, 14 and 19. She also alleges that various documents in the proposed foreclosure and in the prior case were "false," "fake," or "tampered with." *Id.* at 4. Harbord appears to assert claims under the Fair Debt Collection Procedures Act, the Deed of Trust Act, the Real Estate Settlement Practices Act, the Truth in Lending Act, and the Washington Consumer Protection Act, and she asserts a breach of contract claim, a general discrimination claim (based on age and race), and a host of tort claims including intentional interference with business expectancy and defamation. *Id.* at 3–4.

Harbord apparently claims that Farmers breached its insurance contracts with her by believing she sought to cancel her homeowner's policy and for refusing her premium payment. Dkt. 1 at 16. She also asserts that Farmers failed to pay for 2018 snow damage to the property and perhaps for its handling of an auto claim. These claims are unrelated to the proposed foreclosure and the mortgage dispute. *See* Dkt. 49 at 6.

In August 2021, Harbord filed a "proposed amended complaint," Dkt. 17, which she did not need the Court's permission to file. *See* Dkt. 19 at 2. It too is hard to follow, but it alleges generally the same facts and asserts the same claims. It also asserts claims

ORDER - 3

based on Defendants' attorneys' conduct in the prior case, alleging that they failed to properly serve their motions and to produce documents, and thus violated their professional and ethical duties. It does not name those attorneys as defendants. Dkt. 17. This amended complaint is Harbord's operative complaint.

Three defendants (JPMorgan Chase, Bayview, and Wells Fargo) seek dismissal with prejudice, arguing that the claims in this case are barred by the final judgment in the prior case. Foremost also seeks dismissal with prejudice under Rule 12(b)(6) because it never issued a policy to or had any relationship with Harbord and because she has not alleged that it did. Farmers seeks dismissal without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).

The remaining Defendants (MTC Financial and Vanguard) have not sought dismissal, though they too were defendants named in Harbord's prior, dismissed-with-prejudice case. There is no proof in the record that any Defendant in this case has been properly served, though Harbord states in various filings that she served MTC's attorney and that she "sent" her complaint and summons to MTC's physical address. Dkt. 38 at 1.

# I. DISCUSSION

## A. Standards

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial

plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the burden of proof is on the plaintiff to establish subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Motions to dismiss brought under Rule 12(b)(1) may challenge jurisdiction factually by "disputing the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," or facially by "asserting that allegations in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.      The "Mortgage Defendants" Motions to Dismiss are GRANTED.**

Defendant JPMorgan Chase argues that Harbord's claims against her are barred by res judicata, or claim preclusion. Dkt. 20. The Bayview Defendants, Dkt. 22, and Defendant Wells Fargo, Dkt. 30, move for dismissal with prejudice on this same basis. Harbord's response appears to argue that she needs discovery and that there were procedural irregularities in the first action. Dkt. 41.

Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were *or could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). The doctrine of res judicata bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 & n.4 (9th Cir. 2000); *accord Thompson v. King Co.*, 163 Wn. App. 184 (2011).

All of the elements for res judicata are present in this case. The parties are identical, the claims are largely identical, and the factual bases for the claim is identical to those alleged in the first action. There was a final judgment on the merits of those claims, in Defendants' favor, in the prior case. All of these claims were litigated previously, and any new theory could have been and should have been litigated in that case. They are barred by res judicata as a matter of law. Defendants' Motions to Dismiss Harbord's claims on this basis, Dkts. 20, 22, and 30, are **GRANTED**, and all of Harbord's claims against these Defendants are **DISMISSED**.

### C. Harbord has failed to state a plausible claim against the other mortgage defendants.

Defendants MTC and Vanguard have not moved for dismissal. Yet both were defendants in the prior case, and Harbord's claims against each were dismissed with prejudice in that case. *See* Dkt. 116 in that case. Harbord's claims against these Defendants are barred by res judicata for the reasons discussed above. Her claims against these Defendants are **DISMISSED**.

### D. The Farmers Defendants' Motion to Dismiss is Granted.

Farmers seeks dismissal for lack of subject matter jurisdiction, and its subsidiary, Foremost, seeks dismissal for failure to state a plausible claim. Dkt. 23.

Foremost argues that it never issued any policy of any kind to Harbord, and she cannot plausibly allege that it did. Harbord's filings seem to suggest that she named Foremost because Farmers and Foremost are related, and her amended complaint alleges that "Farmers employees' answering machines say 'Farmers/Foremost.'" Dkt. 17 at 4. She does not posit any other basis for a claim against Foremost, and she does not allege that it had any relationship with it, much less a contractual one. Harbord has not stated a claim against Foremost, and Foremost's Rule 12(b)(6) Motion to Dismiss is **GRANTED**.

Farmers seeks dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). It argues that Harbord's breach of contract claims against it (for separate auto and property damage claims she alleges it denied) are wholly unrelated to the "mortgage" claims she asserts against other defendants under federal law. And it argues, correctly, that Judge Bryan already explained this when he properly dismissed

without prejudice Harbord's state law insurance claims in the prior case. *See Harbord v. MTC Financial Inc.*, Cause No. 20-cv-5080 RJB, Dkt. 116 at 12–14. This Court does not have jurisdiction over Harbord's state law insurance claims against Farmers. Harbord has made no effort to tie her state law contract claims against her insurer to her federal claims against the defendants involved in her mortgage and the abandoned foreclosure. Because those claims are not part of the same case or controversy as her federal claims against other defendants arising from the abandoned foreclosure against her property, the Court does not have supplemental jurisdiction over them under 28 U.S.C. § 1367(a). Farmers' Motion to Dismiss these claims for lack of jurisdiction is **GRANTED**, and they are dismissed **without prejudice**.

The remainder of Harbord's allegations about Farmers relate to documents she sought in the prior case, the production of which Judge Bryan denied, and to other conduct of counsel in that case. Dkt. 17 at 7, 15, 20, 32, and 34. In order to obtain relief based on those rulings, Harbord was required to appeal them, not commence a new lawsuit asking this Court to effectively overturn the prior court's rulings or to award damages based on them. These claims are not plausible, and they are **DISMISSED**.

**E.     Further Amendment would be futile, and the case is dismissed with prejudice.**

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive

1 law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th
2 Cir. 1988).

3       Leave to amend a complaint under Federal Rule of Civil Procedre 15(a) "shall be
4 freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d
5 876, 892–93 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This
6 policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*,
7 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant
8 leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the
9 opposing party, futility of amendment, and whether the plaintiff has previously amended
10 the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)
11 (emphasis added). Among these factors, prejudice to the opposing party carries the
12 greatest weight. *Eminence Cap.,* 316 F.3d at 1052. A proposed amendment is futile "if no
13 set of facts can be proved under the amendment to the pleadings that would constitute a
14 valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-
15 RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada Cnty.,*
16 *Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

17       Harbord is not entitled to amend her complaint again to attempt to state a plausible
18 claim. Most importantly, amendment would be futile. Harbord has already litigated all
19 these claims against these same Defendants and lost. She tried again in this case, twice,
20 and has demonstrated that she is seeking to re-litigate the proposed foreclosure of her
21 property.

22

Permitting her to amend her complaint to assert new facts or new claims based on the same events would be futile, and it would prejudice the parties that have already successfully defended this case, twice. There is nothing Harbord could allege consistent with her prior complaints that would amount to a plausible claim. The dismissal of Harbord's mortgage-based claims[2] is therefore **WITH PREJUDICE** and without leave to amend.

### F. Harbord's Motions are Denied.

Harbord's motions are mooted by the Court's dismissal of all her claims in this case, and they are denied on that basis. Her Motion for a Default Judgment against MTC is **DENIED** because she has not demonstrated that she served that Defendant under Rule 4. Her request for additional time for service appears to suggest that she has not done so, as it is based on her claim that Defendants will not disclose their registered agents to her. Dkt. 18 at 1.

Harbord's Motion for an Extension of time to Respond to the pending dispositive motions, Dkt. 47, is **DENIED**. The earliest of those motions was noted for October 29, 2021, almost four weeks ago, and she did not seek additional time until November 4, 2021. In the meantime, Harbord has filed six motions of her own, and at least two responses to the pending motions: Dkt. 41 (35 pages in opposition to the Defendants' "summary judgment"), and Dkt. 49 (a "partial" response which is largely a repeat of the allegations in her complaints in this case and the prior one).

---

[2] Harbord's contract claims against Farmers are dismissed without prejudice because the Court does not have jurisdiction over them.

The remainder of Harbord's motions, and any other pending motions, are **DENIED** as moot.

Harbord's claims against Defendants JPMorgan Chase, Bayview, Wells Fargo, MTC Financial, Vanguard and Foremost are **DISMISSED** with prejudice and without leave to amend. Her claims against Farmers are **DISMISSED** without prejudice. The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge