1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HATSUYO HARBORD,

                              Plaintiff,

          v.

MTC FINANCIAL INC, et al.,

                              Defendants.

CASE NO. C21-5510BHS

ORDER

THIS MATTER is before the Court on Pro Se Plaintiff Hatsuyo Harbord's post-judgment Motion to Oppose a Standard Protective Order, Dkt. 63, and on her Motion for Reconsideration, Dkt. 64, of the Court's Order dismissing this action with prejudice on res judicata grounds, Dkt. 61.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

1    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

2    of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

3    229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

4    absent highly unusual circumstances, unless the district court is presented with newly

5    discovered evidence, committed clear error, or if there is an intervening change in the

6    controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

7    873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil

8    Procedure, which allow for a motion for reconsideration, is intended to provide litigants

9    with a second bite at the apple. A motion for reconsideration should not be used to ask a

10    court to rethink what the court had already thought through—rightly or wrongly.

11    *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere

12    disagreement with a previous order is an insufficient basis for reconsideration, and

13    reconsideration may not be based on evidence and legal arguments that could have been

14    presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*,

15    363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is

16    committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes &*

17    *Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

18    Harbord's Motion for Reconsideration is difficult to follow, but it does not address

19    this standard, or highlight any new facts or legal authority which could not have been

20    brought to the Court's attention earlier. It does not demonstrate that the Court's ruling

21    was manifest error. It does not address res judicata and seems to rely mostly on

22    documents she already submitted in the prior litigation. The Motion for Reconsideration,

Dkt. 64, is DENIED. Harbord's Motion to Oppose a Standard Protective Order, Dkt. 63,

is DENIED as moot. The matter remains closed.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2021.

BENJAMIN H. SETTLE
United States District Judge